UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **AMY PROCTOR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No.: 5:25-cv-0566-LCB |
| **MAYA MCCASKEY,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the Court is Plaintiff Amy Proctor's motion for leave to proceed in forma pauperis, in which she seeks leave to file this lawsuit without the prepayment of fees and costs. (Doc. 2). Proctor's affidavit of indigency supports a finding that her motion is due to be granted pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, this case is due to be dismissed without prejudice under § 1915(e)(2)(B), because Proctor's complaint fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Proctor, proceeding pro se, initiated this action by filing a complaint using the Court's standard form entitled "Pro Se General Complaint for a Civil Case." (Doc. 1). According to her complaint, the Defendants, employees of the Morgan County Department of Human Resources ("DHR") removed one or more of her children from her custody and placed them in foster care. Proctor appears to be

attempting to challenge this action and is seeking monetary damages and the return of her children. Under the section entitled "Basis for Jurisdiction," she checked "Constitutional or Federal Question." *Id.* at 3. However, when asked to list the specific federal statute, federal treaties, and/or provisions of the United States Constitution that are at issue in her case, she listed none. Rather, she began to explain why DHR wrongfully removed her children.

Specifically, Proctor alleged that DHR employees lied in court, entered her home without a warrant, searched her residence, posted pictures of them on social media, and "took [her] babie (sic) without a court order shown to [her] [and] took them based on a closed case." *Id.* Proctor alleges that she has complied with all of DHR's mandates. While Proctor does cite to one United States Supreme Court case, *Reno v. Flores*, 507 U.S. 292 (1993), she does not explain how anything in that decision supports her requested relief. In *Flores*, the Court upheld an Immigration and Naturalization Service regulation that permitted the detention of unaccompanied alien minors unless they could be released to a parent, close relative, or legal guardian. The Court ruled that the regulation did not violate the minors' substantive or procedural due process rights and was within the Attorney General's statutory authority. The Court sees no connection to any of Proctor's claims.

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief.  The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

    It is unclear what, if any, causes of action Proctor is attempting to assert. Though she vaguely asserts that DHR wrongfully took her children, she does not articulate any specific cause of action. Attached to her complaint, among other things, is a copy of a court order from the Morgan County Juvenile Court finding that Proctor's child was a dependent child under Alabama law and ordering that physical custody be transferred to DHR. (Doc. 1-1 at 24). In its order, the juvenile court found that Proctor admitted she fled to Tennessee to give birth in an effort to prevent DHR from taking custody of her child. The order stated that Proctor had ten children and "an extensive history with DHR." *Id.* at 23. The court further noted that Proctor's child was born with a communicable disease transmitted from Proctor and that she failed to seek or obtain necessary medical treatment for the child. Further, the order detailed Proctor's extensive dishonesty and concealment with DHR regarding the child. Thus, the Court finds that Proctor has failed to allege facts that, if true, would entitle her to relief.

Giving it liberal construction, Proctor's complaint could also be read to raise a legal challenge the juvenile court's order removing her child. However, a federal court is not the proper forum to challenge a state court custody matter. "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Feldman*, 460 U.S. at 482 n.16). Therefore, to the extent that Proctor's complaint may be construed as some type of constitutional challenge to a state court order, such a claim would be improper in this forum and subject to dismissal.

Accordingly, this case is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and alternatively under § 1915(e)(2)(B)(i) as frivolous to the extent it seeks review of a state court judgment over which this Court lacks jurisdiction.

**DONE** and **ORDERED**  April 18, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE